Filed 2/10/22  Jahanshahi v. Rosenfeld CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHAHROUZ JAHANSHAHI, | B304076 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV40091) |
| v. | |
| BENJAMIN TARN ROSENFELD, | |
| Defendant and Respondent. | |

APPEALS from orders of the Superior Court of Los Angeles County, Richard E. Rico and Christopher K. Lui, Judges. Affirmed in part and dismissed in part.

Shahrouz Jahanshahi, in pro. per., for Plaintiff and Appellant.

Singleton Schreiber McKenzie & Scott and Harini P. Raghupathi for Defendant and Respondent.

Plaintiff and appellant Shahrouz Jahanshahi (Jahanshahi), in propria persona, appeals an order granting a special motion to strike or anti-SLAPP motion (Code Civ. Proc., § 425.16) filed by defendant and respondent Benjamin Tarn Rosenfeld (Rosenfeld or Attorney Rosenfeld).[1] Jahanshahi also appeals a subsequent order that granted Rosenfeld's motion for attorney fees as the prevailing defendant on the anti-SLAPP motion. In addition, Jahanshahi purports to appeal an order denying his motion to set an order to show cause (OSC) to hold Rosenfeld and his attorney in contempt.

We conclude Jahanshahi has failed to meet his appellate burden to show error in the grant of the special motion to strike, or in the grant of attorney fees to Rosenfeld. As for the trial court's denial of Jahanshahi's contempt motion, that order is not appealable, requiring dismissal of that portion of the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

### 1. *The underlying landlord-tenant dispute.*

Jahanshahi is a landlord and Howard and Jean Rosenfeld (the Rosenfelds) were his tenants. After about three years of tenancy, the Rosenfelds vacated Jahanshahi's West Los Angeles condominium on June 26, 2015. After they moved out, Jahanshahi kept the Rosenfelds' $4,000 security deposit and demanded an additional $676.55 for repair costs, over and above the amount of the security deposit. The Rosenfelds contended Jahanshahi was only entitled to keep $950 of the security deposit

---

[1] All unspecified statutory references are to the Code of Civil Procedure.

for damage to the property, and sought to recover the $3,050 balance.

The Rosenfelds engaged the services of their son, Attorney Rosenfeld, who is the defendant and respondent herein. He represented the Rosenfelds in a limited civil case they brought against Jahanshahi in the Los Angeles Superior Court (the underlying action). Jahanshahi demanded a jury trial, and on December 8, 2017, the jury found for the Rosenfelds and awarded them the $3,050 that they had sought. Jahanshahi appealed, and the Appellate Division affirmed the judgment in favor of the Rosenfelds.

### 2. *Jahanshahi's instant action against Rosenfeld.*

On November 7, 2019, during the pendency of Jahanshahi's appeal from the judgment in favor of the Rosenfelds in the underlying action, Jahanshahi commenced this action against Attorney Rosenfeld. Jahanshahi's complaint asserted the following 14 causes of action against Rosenfeld: (1) interference with constitutional rights; (2) stalking; (3) abuse of process; (4) common law tort claims; (5) nuisance; (6) harassment; (7) intentional interference with prospective economic advantage; (8) invasion of privacy; (9) false promise; (10) intentional interference with contractual relations; (11) violation of the Bane Act (Civ. Code, § 52.1) ; (12) violation of the Ralph Civil Rights Act of 1976 (Civ. Code, § 51.7); (13) conspiracy; and (14) aiding and abetting tort.

Among other things, Jahanshahi alleged: during the underlying action, Rosenfeld misquoted case law and made misrepresentations of law and fact to the court; Rosenfeld failed to adhere to Jahanshahi's privacy request by communicating with him via email; Rosenfeld filed the underlying action "to

3

induce [him] to settle rather than litigate and as an extortion tool," to "extort the security deposit from [him]"; Rosenfeld's "unwanted email communications [were] intended to annoy and harass [Jahanshahi]";[2] Rosenfeld interfered with an economic relationship between Jahanshahi and Rosenfeld's parents and interfered with their lease contract; Rosenfeld invaded Jahanshahi's privacy by sending him the unwanted email communications; Rosenfeld made a false promise to Jahanshahi that he would look into a security deposit return letter and would respond within a week; Rosenfeld's threats and intimidation caused Jahanshahi to reasonably believe that if he exercised his right to enforce the contract, Rosenfeld would commit violence against him; through the barrage of emails and abuse of process, Rosenfeld intimidated Jahanshahi because of his race, religion, and primary language; Rosenfeld conspired with his parents to threaten a lawsuit if the security deposited were not returned; and Rosenfeld aided and abetted his parents' torts.

### 3. *Rosenfeld's special motion to strike.*

On December 27, 2019, Rosenfeld filed a special motion to strike pursuant to section 425.16, contending that all of Jahanshahi's causes of action, claims and allegations arose from Rosenfeld's representation of his clients in the underlying action, and therefore were protected both by his right to petition (§ 425.16, subd. (e)(2)) and by the litigation privilege. (Civ. Code, § 47.)

---

[2] Jahanshahi asserts that emailing a self-represented litigant is only through consent, citing section 1010.6, and California Rules of Court, rule 2.251. However, the statute and rule pertain to electronic service of documents, not to email communications generally.

4

**4. *Jahanshahi's opposition to the special motion to strike.***

In opposition, Jahanshahi argued the special motion to strike should be denied because: Rosenfeld had not filed a responsive pleading prior to filing the anti-SLAPP motion; Rosenfeld's challenged conduct did not involve a public issue because Rosenfeld was not a public figure, his activities did not affect large numbers of people, and his actions were not a matter of widespread public interest; and Jahanshahi's evidence, consisting of his opposing declaration and exhibits, established a probability of prevailing on the merits of the complaint.

**5. *Trial court's ruling granting the special motion to strike.***

On January 30, 2020, the matter came on for hearing. The trial court (Judge Rico) granted Rosenfeld's special motion to strike the complaint in its entirety. The court ruled as follows:

*Timeliness of the motion.* Jahanshahi's threshold argument was that Rosenfeld's motion was untimely because, while he did file the motion within the prescribed 60-day period, he failed to file an answer during the prescribed 30-day period and was not granted an extension. "While it is true that responsive pleadings generally must be filed and served within 30 days, a party's failure to do so does not divest it of the right to bring an anti-SLAPP motion within the prescribed 60-day period. If, after 30 days, Plaintiff believed that Defendant had failed to file a responsive pleading or demurrer without having been granted an extension, Plaintiff could have requested entry of default. Plaintiff did not do so, and Defendant retained the power to file an anti-SLAPP motion. The motion is timely."

5

*Protected activity*.  On the first prong of the anti-SLAPP analysis, the trial court concluded "it is clear that the entire Complaint falls under the protection of anti-SLAPP.  Each of Plaintiff's claims is based on either Defendant's filing of the prior lawsuit or Defendant's sending emails to Plaintiff during the course of litigation despite Plaintiff's request not to. . . .  There are other incidental allegations which also appear to be based on Defendant's written or oral statements as opposed to pure conduct.  (Compl. ¶ 59 [Defendant advised his mother not to answer questions during deposition]; ¶ 60 [Defendant 'objected to' allowing his father to be deposed]; ¶¶ 71-72 [Defendant filed demurrers and ex parte applications]; ¶ 99 [Defendant promised to look over the security deposit documents and get back to Plaintiff within a week before filing suit].)"

*Probability of success*.  On the second prong, the trial court determined that Jahanshahi did not have a probability of success on any of his claims.  The trial court noted that Rosenfeld's "principal argument is that all of [his] activities are covered by the litigation privilege.  As such, any evidence of these activities will be inadmissible at trial . . . .  Plaintiff does not address this argument in the opposition brief."  The court concluded that "even if each fact in the Complaint is taken as true and even if Plaintiff has stated a claim with respect to each cause of action, the litigation privilege bars admission of all of Plaintiff's evidence of Defendant's wrongdoings.  Because Plaintiff will be barred from presenting evidence to substantiate his claim[s], Plaintiff does not have a probability of success."[3]

---

[3]	On February 6, 2020, Jahanshahi filed a timely notice of appeal from the January 30, 2020 order granting the special

6

### 6. *Subsequent proceedings.*

On February 5, 2020, the superior court clerk served Jahanshahi with a notice of case reassignment from Judge Rico to Judge Lui.[4]

On March 30, 2020, Rosenfeld filed a motion for attorney fees pursuant to section 425.16, subdivision (c)(1), as the prevailing defendant on the special motion to strike.

On April 30, 2020, Jahanshahi filed a motion seeking the issuance of an OSC to hold Rosenfeld and his attorney of record in contempt. Jahanshahi asserted they had committed contemptuous acts by misrepresenting the citations and authorities in their special motion to strike in 15 different instances.

On August 10, 2020, the matters came on for hearing. The trial court (Judge Lui) ruled as follows:

*Grant of Rosenfeld's motion for attorney fees.* Rosenfeld, as a defendant prevailing on a special motion to strike, was entitled to recover attorney fees incurred in connection with the motion, and was awarded attorney fees in the sum of $8,940.

*Denial of Jahanshahi's motion for an OSC re contempt.* The court denied Jahanshahi's motion for an OSC re contempt, stating: "The Court has reviewed the separate statement filed by

---

motion to strike. The order is appealable. (§ 425.16, subd. (*i*), § 904.1, subd. (a)(13).)

[4] On July 9, 2021, Jahanshahi filed a motion to augment the record, or for judicial notice, of correspondence between him and the presiding judge and the supervising judge of the Los Angeles Superior Court concerning the reassignment of the case to Judge Lui. Ruling on the motion previously having been deferred, the motion is now granted.

Plaintiff, setting forth acts which Plaintiff maintains are acts of contempt by Defendant's counsel. None of these acts, pertaining to purportedly erroneous or misleading citations to authority, are sufficient to warrant an OSC re: contempt against Defendant or Defendant's counsel. Rather than address each instance set forth in the separate statement, the Court is confident in concluding that Judge Rico was not misled by any erroneous case citations in ruling upon the anti-SLAPP motion, as any judge with Judge Rico's experience would already be familiar with the law governing anti-SLAPP motions and the litigation privilege."

On August 12, 2020, Jahanshahi filed a notice of appeal from the August 10, 2020 order.[5] The two appeals were consolidated.

## CONTENTIONS

Jahanshahi contends: Rosenfeld is not entitled to the protection of the anti-SLAPP statute; Rosenfeld showed a lack of candor toward the tribunal; as a self-represented litigant, Rosenfeld was not entitled to attorney fees; the trial court abused its discretion in denying his motion for an OSC re contempt; and the trial court was biased and prejudiced against Jahanshahi as a self-represented litigant.

---

[5] The order awarding attorney fees, after the ruling on the anti-SLAPP motion, is not within the scope of the statutory provisions for direct appeal of a ruling on an anti-SLAPP motion, but is appealable as a collateral final order. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 779-782; Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2021) ¶ 2:135.13a, ¶ 2:135.15.)

The order denying Jahanshahi's motion for an OSC re contempt is not appealable, as explained in Part III of the Discussion, *infra*.

# DISCUSSION

## I.

## *NO SHOWING OF ERROR IN TRIAL COURT'S GRANT OF ROSENFELD'S SPECIAL MOTION TO STRIKE.*

### 1. *Overview*.

"Under California's anti-SLAPP statute, a defendant may bring a special motion to strike a cause of action arising from constitutionally protected speech or petitioning activity. (§ 425.16, subd. (b)(1).)  Unless the plaintiff establishes a probability of prevailing on the claim, the court must grant the motion and ordinarily must also award the defendant its attorney's fees and costs." (*Barry v. State Bar of California* (2017) 2 Cal.5th 318, 320.)

"The analysis of an anti-SLAPP motion thus involves two steps.  'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity.  (§ 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.'  [Citation.]  'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' [Citation.]  We review an order granting or denying a motion to strike under section 425.16 de novo." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820.)  The appellate court therefore engages " 'in the same two-step process to determine, as a matter of law, whether the defendant met its initial burden of showing the action is a SLAPP, and if so, whether the plaintiff

9

met its evidentiary burden on the second step.' " (*Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1162.)

Even when the standard of review is de novo, the appellant bears the burden of demonstrating error. (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 920.) Further, we treat a party who represents himself on appeal as we would any other party or attorney. (*Ibid.*)

**2.  *Jahanshahi has failed to show the trial court erred in granting Rosenfeld's special motion to strike.***

Jahanshahi makes various arguments to support his contention that the grant of the anti-SLAPP motion was error. We address them seriatim.

**a.  *Timing of the anti-SLAPP motion.***

Jahanshahi contends that Rosenfeld was not entitled to the protection of the anti-SLAPP statute because he failed to file a responsive pleading within 30 days of being served with the complaint. As the trial court previously found, this argument is meritless.

Section 425.16, subdivision (f) provides that an anti-SLAPP motion "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." The record reflects the complaint was filed on November 7, 2019, Rosenfeld filed the anti-SLAPP motion less than 60 days later, on December 27, 2019, followed by a demurrer, filed on January 6, 2020. Because the anti-SLAPP motion was filed within 60 days of the commencement of the action, it was unquestionably timely.

Jahanshahi asserts that because Rosenfeld failed to file a responsive pleading within 30 days of service, he was precluded from bringing an anti-SLAPP motion. The argument fails.

10

Because Jahanshahi did not obtain the entry of Rosenfeld's default, Rosenfeld was entitled to file both the anti-SLAPP motion and the demurrer, irrespective of whether more than 30 days had elapsed since the service of summons.

### b. *The exception for criminal activity.*

Jahanshahi contends the anti-SLAPP statute does not apply to criminal activity. The argument is meritless because Jahanshahi has not shown that this principle has any application to this case.

It is established that "section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 317; accord, *City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 423.) However, Jahanshahi has not shown that Rosenfeld's assertedly protected activity was illegal as a matter of law. Jahanshahi's conclusory argument of illegality requires no discussion.

### c. *The arguments that the anti-SLAPP statute does not apply because Rosenfeld is not a public figure and because this was merely a private dispute.*

Jahanshahi contends the anti-SLAPP statute does not apply because Rosenfeld is not a public figure and because this lawsuit arose from a private landlord-tenant dispute that was not related to any public issue or issue of public interest. The argument is meritless.

Section 425.16 states in relevant part at subdivision (e): "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any

11

written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

As explained in *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, clauses (1) and (2) of section 426.16, subdivision (e), do not "contain[] an 'issue of public interest' limitation. Under section 425.16, a defendant moving to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding need *not* separately demonstrate that the statement concerned an issue of public significance." (*Briggs*, at p. 1123.) Because Rosenfeld's special motion to strike was brought pursuant to clauses (1) and (2), the private nature of the underlying dispute had no bearing on Rosenfeld's entitlement to bring the anti-SLAPP motion.

### d. The application of the anti-SLAPP statute to the invasion of privacy claim.

Jahanshahi contends the trial court erred in applying the anti-SLAPP statute to the invasion of privacy claim. The contention lacks merit.

The complaint's eighth cause of action, invasion of privacy, alleged that Rosenfeld "intentionally intruded in [Jahanshahi's] right to privacy and invaded this right by barrage of unwanted email communications." Rosenfeld's moving declaration showed that these emails were strictly related to the litigation at issue. Therefore, as the trial court found, the invasion of privacy claim

12

arose from Rosenfeld's protected activity, so as to fall within the protection of the anti-SLAPP statute.

### e. *The litigation privilege.*

In bringing the anti-SLAPP motion, Rosenfeld contended that every one of Jahanshahi's causes of action was barred by the litigation privilege, and therefore Jahanshahi was incapable of prevailing on his claims. The trial court agreed, stating "even if each fact in the Complaint is taken as true and even if Plaintiff has stated a claim with respect to each cause of action, the litigation privilege bars admission of all of Plaintiff's evidence of Defendant's wrongdoings. Because Plaintiff will be barred from presenting evidence to substantiate his claim[s], Plaintiff does not have a probability of success."

The litigation privilege (Civ. Code, § 47, subd. (b)) serves " 'to afford litigants and witnesses [citation] the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.' [Citation.]" (*Flatley v. Mauro*, *supra*, 39 Cal.4th at p. 321.) To accomplish these objectives, the privilege is an absolute privilege, and it bars all tort causes of action except a claim of malicious prosecution. (*Id.* at p. 322.)

Jahanshahi contends the trial court erred in applying the litigation privilege in the instant action, but he does not support the contention with a reasoned legal argument, just as he failed in the court below to address the litigation privilege in his opposition papers. By failing to make a cognizable argument explaining why the trial court erred in its application of the litigation privilege, Jahanshahi has forfeited the issue. (*Hoffmann* v. *Young* (2020) 56 Cal.App.5th 1021, 1028-1029; *Save*

13

*the Agoura Cornell Knoll v. City of Agoura Hills* (2020) 46 Cal.App.5th 665, 704, fn. 14.)

### f. **Duty of candor.**

Jahanshahi contends Rosenfeld violated his duty of candor toward the tribunal, such as by misquoting the cited authorities in his anti-SLAPP motion and by omitting a proof of service of his pleadings. However, the relevant issues at this juncture are whether the trial court properly held, as a matter of law, that (1) Jahanshahi's complaint arose out of Rosenfeld's protected activity so as to be subject to anti-SLAPP scrutiny, and (2) Jahanshahi failed to meet his burden to show a probability of success on his claims. These issues are legal in nature and do not involve Rosenfeld's credibility. Jahanshahi's attempt to shift the focus away from his failure to show legal error is unavailing.

### g. *Bias and prejudice.*

Jahanshahi contends the trial court was biased and prejudiced against him as a self-represented litigant, and therefore the order granting the anti-SLAPP motion must be reversed. It is settled that a mere adverse ruling by the trial court does not reflect personal bias. (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674.) Moreover, given Jahanshahi's failure in his opposition papers below to address why his claims could survive the litigation privilege, he could not reasonably have expected a favorable ruling on the anti-SLAPP motion.

In this regard, Jahanshahi also complains that after Judge Rico granted the anti-SLAPP motion, the case was reassigned by the clerk of the court to Judge Lui, without the order of the Presiding Judge or his/her assignee, as required by the local rules. We reject Jahanshahi's assertion that the reassignment of

14

the matter to Judge Lui, subsequent to Judge Rico's adverse ruling on the special motion to strike, evidences bias and provides a basis for reversing the order granting the special motion to strike.

In sum, Jahanshahi has failed to meet his appellate burden to show the trial court's grant of the special motion to strike was erroneous.

## II.

## NO SHOWING OF ERROR IN TRIAL COURT'S GRANT OF ROSENFELD'S MOTION FOR ATTORNEY FEES

With respect to the August 10, 2020 order that granted Rosenfeld's motion for attorney fees in the sum of $8,940, Jahanshahi's sole argument is that the trial court should have denied Rosenfeld's motion for attorney fees because Rosenfeld, as a pro se attorney, was not entitled to attorney fees. (*Trope v. Katz* (1995) 11 Cal.4th 274, 292 [attorney who chooses to litigate in propria persona and therefore does not pay or become liable to pay consideration in exchange for legal representation cannot recover reasonable attorney fees as compensation for the time and effort expended].) Jahanshahi asserts that Rosenfeld was a ghostwriter and that Rosenfeld was in fact doing the work, rather than the Singleton Law Firm, which appeared as his counsel of record.

The record reflects that Jahanshahi made the same argument below, asserting that Rosenfeld "has been assisting in researching, drafting, filing of these motions, and it is well-settled that the pro se attorney is not entitled to . . . attorney fees." The trial court rejected Jahanshahi's argument, stating: "The Court does not agree with Plaintiff's argument that Defendant, as an attorney, cannot recover attorney's fees. The

15

fact that Defendant is admitted to practice law does not preclude him from recovering fees under Section 425.16, as Defendant did not appear in this action in pro per and has been represented by counsel since the outset."

It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, and the value of legal services performed in a case is a matter in which the trial court has its own expertise. (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1096.) Thus, the trial court's fee award will not be disturbed unless the appellate court is convinced that it is clearly wrong. (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 882.) Further, the abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious. (*Ibid.*)

Here, the trial court, sitting as the trier of fact, rejected Jahanshahi's theory that Rosenfeld acted as a ghostwriter for his counsel of record. Under the substantial evidence standard of review, we cannot reweigh the evidence, and if two or more different inferences can reasonably be drawn from the evidence, this court is without power to substitute its own inferences or deductions for those of the trier of fact. (*Schwan v. Permann* (2018) 28 Cal.App.5th 678, 693-694.) The declarations of Rosenfeld's counsel, Gary LoCurto, stating that he spent 13.88 hours on the moving papers and 5.85 hours in the preparation of a reply brief, provide substantial support for the time claimed

16

and for the award of $8,940 in attorney fees.  Therefore, the order awarding attorney fees to Rosenfeld must be upheld.

## III.
## THE ORDER REFUSING TO SET AN OSC RE CONTEMPT IS NOT APPEALABLE

Jahanshahi contends the trial court abused its discretion in denying his motion for an OSC re contempt.  The contention is not properly before this court.

"It is well settled that orders and judgments made in cases of contempt are not appealable, and this rule has been held applicable both where the trial court imposed punishment for contempt and where the alleged contemner was discharged." (*John Breuner Co. v. Bryant* (1951) 36 Cal.2d 877, 878; accord, *Wanke, Industrial, Commercial, Residential, Inc. v. Keck* (2012) 209 Cal.App.4th 1151, 1162, fn. 11.)  The only method of obtaining review is by way of a petition for extraordinary writ. (Eisenberg et al., *supra*, Civil Appeals & Writs, ¶ 2:30.)  Thus, the August 10, 2020 order is not appealable to the extent it denied Jahanshahi's motion seeking to hold Rosenfeld and his counsel in contempt.  That aspect of the appeal must be dismissed.

Jahanshahi concedes that contempt proceedings are only reviewable by way of a petition for writ of mandate, and therefore requests this court to treat that portion of his opening brief as a writ petition.  However, " '[a] petition to treat a nonappealable order as a writ should only be granted under [the most] extraordinary circumstances, " 'compelling enough to indicate the propriety of a petition for writ . . . in the first instance . . . .' [Citation.]" ' [Citation.]" (*Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055.)  The denial of Jahanshahi's motion for an OSC re contempt does not present the requisite extraordinary

17

circumstances.  Therefore, we decline to construe the purported appeal from the order denying the contempt motion as a petition for writ of mandate.

## DISPOSITION

The January 30, 2020 order granting Rosenfeld's special motion to strike is affirmed.  The August 10, 2020 order granting Rosenfeld's motion for attorney fees in the sum of $8,940 is also affirmed.  The purported appeal from the August 10, 2020 order, insofar as the order denied Jahanshahi's contempt motion, is dismissed.  Rosenfeld shall recover his costs on appeal.

**NOT TO BE PUBLISHED**

VIRAMONTES, J.*

We concur:

EDMON, P. J.                LAVIN, J.

_____

*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.